UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| TINA RAVN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:21-cv-5361 |
| v. | ) |
| | ) |
| LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, a corporation, and/or LINCOLN LIFE ASSURANCE COMPANY OF BOSTON d/b/a LINCOLN FINANCIAL GROUP; and COLLINS AEROSPACE, a division of RAYTHEON TECHNOLOGIES CORPORATION, a corporation, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, TINA RAVN, by RENO & ZAHM LLP, by Robert A. Fredrickson, and for her Complaint against the Defendants, LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, a corporation, and/or LINCOLN LIFE ASSURANCE COMPANY OF BOSTON d/b/a LINCOLN FINANCIAL GROUP; and COLLINS AEROSPACE, a division of RAYTHEON TECHNOLOGIES CORPORATION, a corporation, states and alleges as follows:

1. That the Plaintiff, TINA RAVN (hereinafter referred to as "RAVN") is an adult resident of 2990 Reid Farm Road, Rockford, Winnebago County, Illinois and a citizen of the State of Illinois.

2. That Defendant, COLLINS AEROSPACE, is a division or subsidiary of Defendant, RAYTHEON TECHNOLOGIES CORPORATION, a corporation

(hereinafter "RAYTHEON") and is the employer of RAVN, and as part of her employment benefits provided short-term and long-term disability benefits, which plan is referred to by RAYTHEON as Raytheon Technologies Choice short-term/long-term disability policies (hereinafter "LINCOLN PLAN") and was issued by RAYTHEON and/or Defendant, LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, a corporation, and/or LINCOLN LIFE ASSURANCE COMPANY OF BOSTON d/b/a LINCOLN FINANCIAL GROUP (hereinafter referred to as "LINCOLN"), and was underwritten, and administered by LINCOLN. That if LINCOLN issued the disability policy as a stand-alone policy that governs the Plaintiff without funding, issuance, or administration by RAYTHEON, then RAYTHEON may be dismissed upon proof of the sole benefit responsibility of LINCOLN.

3. That jurisdiction herein is based on federal question as this action involves interpretation and enforcement of the provisions of the employer provided short-term/long-term disability employee benefit plan and therefore subject to the Employment Retirement Income Security Act of 1974 (ERISA) and common law related thereto.

4. That at all material times herein, Plaintiff was and is an employee of RAYTHEON/Collins Aerospace and was and is an eligible LINCOLN PLAN participant for the LINCOLN disability plan hereinafter described.

5. That on or about February 27, 2020 RAVN became totally disabled and therefore eligible, subject to the applicable waiting periods, for LINCOLN disability coverage and benefits.

6. That RAVN submitted her application for benefits under the LINCOLN PLAN to Lincoln Life Assurance Company of Boston as a disability claim. RAVN filed appropriate documentation supporting her case as a plan participant and documenting disability to LINCOLN, and said submittals resulted in denials throughout the entire administrative process with LINCOLN. RAVN has fulfilled all conditions to be eligible for and is covered by the above-described plan.

7. That at the time of submission of her disability claim, and at all times material hereto and anticipated to continue into the future, RAVN suffered from a number of physical ailments with differing opinions of medical professionals as to the cause (being a range of idiopathic to polychondritis) of the symptoms. All of the RAVN physical complaints and findings were deemed credible by the medical treaters with no element whatsoever of functional overlay. As a result of said conditions and symptoms aforesaid, the medical condition and diagnosis that she has and does exhibit at all times material hereto is "severe depression," which diagnosis on a stand-alone basis rendered/renders her totally and/or partially disabled.

8. That on August 4, 2021 her final administrative appeals to LINCOLN were denied, finding that her restrictions and limitations did not render her unable to perform the duties of her occupation. The most recent denials are not incorporated herein as exhibits but are referred to herein as the August 4, 2021 decisions (two separate denial letters), which have been excluded as a result of requests for medical confidentiality. The decisions do deny disability payments as LINCOLN alleges that Plaintiff is not disabled.

9. That part of the denials of benefits by LINCOLN on August 4, 2021 was and is a statement that said denials were the final administrative appeal and certified that said rulings were the final administrative option, and thereafter her administrative appeals had been exhausted as follows:

> *At this time, your administrative right to review has been exhausted; no further review will be conducted by Lincoln Financial Group and your claim will remain closed. You may request to receive, free of charge, copies of all documents relevant to your claim. You have the right to bring a civil action under section 502(a) of BRISA following an adverse benefit determination on review.*

10. That the LINCOLN disability plan allegedly has its own contractual limitation period different than the ERISA statute of limitations, and it has been asserted by the LINCOLN PLAN administrator that that deadline for filing suit to contest the final administrative ruling is September 24, 2021 as follows:

> *... The date on which the contractual limitations period expires for this claim is September 24, 2021.*

11. That RAVN as of September 22, 2021 would be entitled to the benefits that have not been paid and have accrued in the amount of $7,597.18 per month for fourteen months for a total of $106,360.52. LINCOLN did pay a short-term disability payment ($8,226.50) but owes additional short-term disability benefits.

12. That furthermore, conditioned on a finding of disability herein, RAVN (date of birth is 6/10/1988) would be entitled to future benefits for partial and/or total disability payments if her condition did not improve to retirement age.

13. That this Complaint, in addition to setting forth the amounts of money damages due at this time, is ripe for and also seeks a ruling by the Court that RAVN is

an eligible plan participant and that her medical condition from February 27, 2020 to the present constitutes total disability.

14. That RAVN is the party in interest to seek a judicial ruling finding and certifying that she is disabled under the terms of the plan from February 27, 2020 to the date of judgment and furthermore going forward to retirement age absent any change in her condition.

15. That the Plaintiff's attorney is entitled to attorney's fees for prosecuting this action as provided under ERISA

WHEREFORE, Plaintiff prays as to LINCOLN and RAYTHEON (if they are the policy issuer or part of the administration of benefits):

(a) For a Court finding and declaration that RAVN is a plan participant and is totally disabled under the plan for a period from June 22, 2020 to date of judgment (and for short-term benefits from February 27, 2020 less payments made) and going forward to retirement age unless there is some change in her condition;

(b) For $106,350.52 for long-term disability payments (plus any additional amounts due from February 27, 2020 to September 22, 2021 less $8,226.50) and additional amounts due from September 22, 2021 to date of judgment in the amount of $7,597.18 per month;

(c) For attorney's fees as provided under ERISA to be determined by separate hearing in the event that the Court grants coverages with a finding of total disability; and

(d) For such further and other relief as may be fair and equitable.

Dated: September 15, 2021

        TINA RAVN, Plaintiff

        BY:   RENO & ZAHM LLP

        BY: *(signature)*
             ROBERT A. FREDRICKSON

PLAINTIFF DEMANDS TRIAL BY
JURY AS TO ANY ISSUES OF FACT

Robert A. Fredrickson (#00868469)
RENO & ZAHM LLP
2902 McFarland Road, Suite 400
Rockford, IL 61107
(815) 987-4050